UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>JOHN MICHAEL VAZQUEZ<br>UNITED STATES DISTRICT<br>JUDGE | FRANK R. LAUTENBERG<br>POST OFFICE AND<br>COURTHOUSE<br>2 FEDERAL SQUARE, ROOM 417<br>NEWARK, NJ 07102<br>973-297-4851 |

July 28, 2016

### LETTER OPINION AND ORDER

Re: Moore v. Judge Vincent F. Papalia[1]
Civil Action No. ~~15-02070~~
16-2070

Dear Litigants:

The Court is in receipt of *pro se* litigant Hyoja Moore's ("Appellant") notice of appeal from bankruptcy case number 15-10174. For the reasons stated below, this interlocutory appeal is denied and dismissed without prejudice.

On April 13, 2016, Appellant filed a notice of appeal from the bankruptcy court's denial of Appellant's motion to disqualify Vincent F. Papalia, U.S.B.J. from continuing to preside over her bankruptcy proceeding. D.E. 1. On July 13, 2016, Appellant filed an amended notice of appeal.[2] D.E. 5. To date, it appears that the underlying bankruptcy matter remains ongoing, and therefore, the relief sought in this appeal is interlocutory in nature.

Pursuant to 28 U.S.C. § 158(a) "[a] district court has jurisdiction to hear an interlocutory appeal from a bankruptcy court order." *In re Norvergence, Inc.*, No. 05-2439, 2008 WL 5136842, at *1 (D.N.J. Dec. 5, 2008). Section 158(a) provides, in relevant part, that "[t]he district courts of the United States shall have jurisdiction to hear appeals . . . with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." A notice of appeal must be filed "within 14 days after entry of the judgment, order or decree being appealed." Fed. R. Bankr. P. 8002. Additionally, the notice of appeal shall "be accompanied by a motion for leave to appeal," which must include (1) "the facts necessary to understand the question presented;" (2) "the question

---

[1] Judge Papalia is not a named party in the bankruptcy proceeding underlying this appeal. Judge Papalia is presiding over the bankruptcy matter and was improperly named as a party by Appellant in this appeal.

[2] The amended notice of appeal is not materially different from the initial notice of appeal.

1

itself;" (3) "the relief sought;" (4) "the reasons why leave to appeal should be granted;" and (5) "a copy of the interlocutory order or decree and any related opinion or memorandum." Fed. R. Bankr. P. 8004(a)(2), (b)(1).

In determining whether to grant an interlocutory appeal from bankruptcy court, a district court applies the same standard used in "28 U.S.C. § 1292(b), which governs interlocutory appeals from a district court to a court of appeals." *In re Norvergence*, 2008 WL 5136842, at *1. "[T]o merit a Section 1292(b) certification, the movant must show that there is (1) a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal may materially advance the ultimate termination of the litigation." *Id.* at *2. In applying this standard, courts are mindful that "[i]nterlocutory appeal under § 1292(b) is used sparingly in exceptional cases." *Hulmes v. Honda Motor Co.*, 936 F. Supp. 195, 208 (D.N.J. 1996) (internal quotation marks omitted), *aff'd*, 141 F.3d 1154 (3d Cir. 1998). The reason for such limited application is due to the policy objective of avoiding "piecemeal appellate review of [lower] court decisions which do not terminate the litigation." *United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 265 (1982).

Here, contrary to Federal Rule of Bankruptcy Procedure 8004(a)(2), Appellant has not filed a motion seeking leave of court to file an interlocutory appeal from the bankruptcy order below. Appellant has not briefed the Court on "the reasons why leave to appeal should be granted" under Federal Rule of Bankruptcy Procedure 8004(b)(1)(D) or made a showing that the requirements of 28 U.S.C. § 1292(b) are satisfied. Accordingly, the Court will not entertain Appellant's interlocutory appeal and it is dismissed without prejudice. Should Appellant elect to re-file, she must do so pursuant to the above-mentioned requirements and within 14 days of receiving this order. *See* Fed. R. Bankr. P. 8004(d) (explaining that when appellant does not file motion for leave to appeal interlocutory order the district court may treat notice of appeal as motion for leave or order appellant to refile within 14 days).

In conclusion, it is **ORDERED** that Appellant's amended notice of appeal (D.E. 5) is dismissed without prejudice. Appellant may file a motion for leave to appeal the bankruptcy court's interlocutory order within 14 days. Failure to do so will result in this appeal being dismissed with prejudice.

It is further **ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Appellant by certified mail return receipt.

John Michael Vazquez, U.S.D.J.